Delgado v. La Corte de Distrito de Mayagüez.

Solicitud para que se expida mandamiento de certiorari.

No. 8.   Resuelto en Mayo 26, 1905.

Certiorari.—Actos ejecutados por un Marshal.—El Tribunal Supremo puede revisar en un procedimiento de certiorari los actos ejecutados por un Marshal, si se han hecho constar en los autos ó *record* del caso.

Id.—Recurso ordinario, adecuado y eficaz.—El auto de certiorari no procede en aquellos casos en que hubiere un recurso adecuado y eficaz en el procedimiento ordinario establecido por la ley.

Id.—Casos en que el peticionario no fuere parte en el juicio principal.—

Solamente en casos muy extraordinarios procedería el Tribunal Supremo á librar un auto de certiorari, á petición de una persona que no haya sido parte en el pleito cuya revisión pretenda.

ID.—PARTE DEMANDADA EN UN PROCEDIMIENTO DE CERTIORARI.—En los casos de certiorari, el procedimiento debe entablarse contra el Juez de la Corte que esté conociendo del pleito cuya revisión se interese, como parte demandada.

ID.—APELACIÓN.—La apelación, y no el certiorari, es el recurso adecuado para corregir errores cometidos en el procedimiento ordinario, y para que una parte que vea sus derechos lesionados por virtud de un procedimiento ilegal ó defectuoso, pueda acogerse á los beneficios del auto de certiorari, es necesario que demuestre que ha ejercitado debida diligencia en la defensa de sus derechos, ó que no puede obtener remedio eficaz en el procedimiento ordinario.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Vázquez* (Fernando).

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del Tribunal.

La presente es una solicitud pidiendo auto de certiorari.

Se solicitó por Clotilde Delgado como tutor de ciertos menores. Alega la peticionaria que los procedimientos habidos en la Corte de Distrito de Mayagüez en el pleito de Leopoldo Cabassa contra la Sucesión de Don Diego García Saint Laurent, cuyo pleito está ya terminado, son nulos y de ningún valor. No consta que Clotilde Delgado fuera parte en el pleito de Cabassa contra la referida Sucesión.

Se queja además el peticionario de ciertas ventas hechas por el Marshal de acuerdo con el fallo ilegal alegado, y que el mismo Marshal ha procedido ilegalmente. No aparece de su solicitud que los actos ilegales del Marshal sean parte del record, y á menos que lo sean, esta Corte no puede revisar los mismos por medio de auto de certiorari. Además la Ley concede á ella un gran remedio contra el Marshal dado caso que él haya procedido violando la ley.

Sin embargo, la objeción principal para que se conceda este auto, es que no consta que el peticionario tratara de intervenir alguna vez en los procedimientos establecidos contra sus pupilos, ni ha tratado ella por ningún otro procedimiento en la Corte de Distrito de Maya-

güez, de proteger los alegatos derechos de aquellos de quienes ella dice tiene la representación.

Además, si son nulos y de ningún valor los procedimientos de la Corte inferior ninguna persona que compre bajo ejecución podía adquirir título, y si los bienes de sus pupilos se han tomado efectivamente puede ella encontrar un remedio en el curso ordinario de la ley. Esta Corte en el caso de Arsenio L. Arpin vs. el Juez Ramos, decidió en 3 de Abril de 1905, que la Corte no concederá un auto de Certiorari cuando haya un remedio sencillo y adecuado en el curso ordinario de la ley. Además debe ser un caso muy extraordinario que autorice á esta Corte para revisar procedimientos cuando la solicitud para tal revisión sea hecha por una persona que no haya sido parte en el pleito.

Debe notarse también, que Leopoldo Cabassa es el demandado en el certiorari y aunque sea pedido que la Corte de Mayagüez actúe en el asunto, la petición no se ha dirigido contra dicha Corte.

En el juicio ordinario en que se cometen errores, el propio medio de corregirlos es mediante apelación. Si los procedimientos son nulos y de ningún valor, ó defectuosos por falta de verdaderas partes, la parte que se encuentre en peligro, debido á los procedimientos ilegales y defectuosos, debe ejercitar su acción y no esperar que la Corte más alta de la Isla venga en su auxilio. Para que una persona perjudicada pueda tener derecho al beneficio de este auto, debe mostrar que ha sido diligente, ó que puede obtener en remedio adecuado en el curso ordinario de la Ley.

Por las razones expuestas debe denegarse la solicitud pidiendo auto de certiorari.

*Denegada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras y MacLeary.